T.C. Memo. 2012-139

UNITED STATES TAX COURT

GABRIEL S. GARCIA AND MARIA GARCIA, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24065-10.                    Filed May 16, 2012.

Gabriel S. Garcia and Maria Garcia, pro sese.

Jeffrey D. Heiderscheit, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined deficiencies of $88,540 and

$90,332 and section 6662(a) penalties of $17,708 and $18,066.40 in relation to

petitioners' Federal income taxes for 2007 and 2008, respectively.  After

concessions, the issue for decision is whether petitioner Gabriel S. Garcia

(petitioner) is entitled to deduct contract labor expenses in amounts not previously allowed by respondent. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Texas at the time their petition was filed.

During 2007 and 2008, petitioner operated a business that provided services to S K Plumbing of Fort Worth, Inc. During 2008, petitioner also operated a second business that provided services to JTC Enterprises, LLC. In relation to both businesses, petitioner paid various workers wages or contract labor expenses. Some of the payments were made by check and some of the payments were in cash.

Petitioner did not maintain complete books and records of the wages or contract labor payments he made during 2007 or 2008. Some, but not all, of the payments were reported to the Internal Revenue Service and to the workers as wages, and some were reported as nonemployee compensation. Some, but not all, of the workers reported the income received from petitioner on their tax returns.

Some of the workers provided to petitioner incorrect or illegible Social Security numbers.

For 2007, petitioners reported on their tax return $356,581 as wage and contract labor expenses. Petitioner can substantiate wage and contract labor expenses of only $230,291. Respondent has conceded that petitioner is entitled to deduct $230,291 for 2007.

For 2008, petitioners reported on their tax return $283,613 as wage and contract labor expenses. Petitioner can substantiate wage and contract labor expenses of only $157,190. Respondent has conceded that petitioner is entitled to deduct $157,190 for 2008.

Petitioners' tax returns for 2007 and 2008 were prepared by petitioner's brother, Richard Garcia. Richard Garcia is not an accountant or an enrolled return preparer. Petitioners' tax returns for 2007 and 2008 claimed erroneous, overstated, or unsubstantiated deductions other than for wages or contract labor. Petitioners have conceded that they are liable for an accuracy-related penalty under section 6662(a).

## OPINION

Before trial, petitioner presented to respondent's representatives all of the documentation that he had to establish the amount of wages or contract labor

expenses that he paid during 2007 and 2008. The documentation included bank records, Forms 1099-MISC, Miscellaneous Income, and affidavits from some of the workers. Respondent accepted the documentation and made the concessions set forth in our findings unless the affidavits contained erroneous or illegible Social Security numbers.

Petitioner testified that he paid all of the workers whose compensation remains in dispute after respondent's concessions. Petitioner's testimony was not corroborated by any witnesses. He could not explain how he derived the amounts deducted on his tax returns in the absence of records, and his brother, who prepared the returns, did not testify. Petitioner did not have any time records or other evidence from which we could estimate the amounts that he paid without substantiating documents. He did not identify any sources for cash payments to workers.

We recognize that this is a case where an allowance based on an estimate could be made, bearing heavily against the taxpayer who has failed to maintain records, if the existence of the disputed expenses were apparent. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). We can estimate the amount of deductible expenses, however, only when the taxpayer provides evidence sufficient to establish a rational basis upon which the estimate can be made. Vanicek v.

<u>Commissioner</u>, 85 T.C. 731, 742-743 (1985); <u>see</u> <u>Becerra v. Commissioner</u>, T.C. Memo. 1984-134.  In the absence of such evidence and the concession of other erroneous deductions claimed on the tax returns, we are unable to accept petitioner's unsupported assertion of payment.  Only the amounts conceded by respondent will be allowed as deductions for payments to workers during 2007 and 2008.

To reflect concessions by the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.